UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH IMSEIS,

    Plaintiff,

v.                                    CASE No. 8:08-CV-172-T-TGW

MICHAEL J. ASTRUE
Commissioner of Social Security,

    Defendant.

_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security fails to evaluate the evidence from a treating physician and does not consider alleged side effects of medication, the decision will be reversed and the matter remanded for further consideration.

### I.

The plaintiff, who was forty-six years old at the time of the most recent administrative hearing and who has a college associate's degree, has worked as a donut maker, electronics quality assurance inspector, cashier, and

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

group leader (Tr. 87, 317, 319).[2] He filed a claim for Social Security disability benefits, alleging that he became disabled due to back pain (Tr. 121). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of degenerative disc disease; lumbar spine, status post L5-S1 disc surgery; and chronic low back pain into hip and leg (Tr. 34). He concluded that these impairments restricted the plaintiff to light work that required only occasional climbing, balancing, stooping, crouching, kneeling, and crawling (Tr. 35). The law judge found further that the plaintiff should avoid concentrated exposure to open heights (id.). He determined that, despite these restrictions, the plaintiff could return to prior work (Tr. 38). The law judge therefore ruled that the plaintiff was not disabled (id.).

Upon the plaintiff's request for review, the Appeals Council remanded the matter for another hearing (Tr. 39). Among other things, the Appeals Council directed the law judge to give further consideration to the

---

[2]As a group leader, the plaintiff assisted in caring for a group of mentally handicapped adults (see Tr. 92). The plaintiff identifies the job of "electronics quality assurance specialist" as a control technician (Tr. 87).

plaintiff's subjective complaints and whether the plaintiff's residual functional capacity permits him to perform prior work (Tr. 40-42).

Upon remand, the same law judge conducted another hearing, at which the plaintiff, medical expert Dr. Owen Linder, and vocational expert Joyce Cartright testified (see Tr. 338). In his second decision, the law judge found that the plaintiff had severe impairments of degenerative disc disease of the lumbar spine, failed back syndrome, and chronic lower back and leg pain (Tr. 13). The law judge determined that these impairments limited the plaintiff to performing a full range of light work (Tr. 15). Based partly on the testimony of a vocational expert, the law judge concluded that the plaintiff was capable of performing past relevant work as a cashier or group leader (Tr. 17).[3] Accordingly, the law judge found that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

---

[3]The vocational expert testified that, with the capacity to do a full range of light work, the plaintiff could do prior work as an electronics quality assurance inspector or group leader (Tr. 360). The expert did not identify the job of cashier as one to which the plaintiff could return (id.).

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary

conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

On March 12, 2002, the plaintiff injured his back at work (Tr. 320). He subsequently underwent a laminectomy and discectomy, but thereafter continued to complain of back, hip and leg pain. The plaintiff asserts that this pain is disabling (see Tr. 354-55).

As indicated, the law judge found that the plaintiff had severe impairments of degenerative disc disease, failed back syndrome, and chronic lower back and leg pain (Tr. 13). Notwithstanding these impairments, the law judge found that the plaintiff retained the functional capacity to do a full range of light work and could therefore perform prior work as a cashier or group leader (Tr. 15, 17).

The plaintiff argues that the law judge's decision is flawed in many respects (Doc. 13). In his argument, the plaintiff has identified two errors in the law judge's decision that warrant remand of this matter.

A. The plaintiff argues that the law judge failed to consider the opinions of treating physician Dr. Glenn Fuoco, a pain management specialist (Doc. 13, pp. 5-6, 10-11). It is well-established that the law judge must give "substantial" or "considerable" weight to the opinions of the plaintiff's treating physicians unless there is good cause for not doing so. Schnorr v.

Bowen, 816 F.2d 578, 581 (11th Cir. 1987). Moreover, he must specify what weight was given to a treating physician's opinion and any reason for giving it no weight, and the failure to do so is reversible error. Id.

Dr. Fuoco, who works in the same office as Dr. Howard W. Sharf, the plaintiff's orthopedic surgeon, treated the plaintiff from October 21, 2002, until May 29, 2003 (see Tr. 245). During the alleged period of disability, Dr. Fuoco diagnosed the plaintiff as suffering from sacroiliitis and lumbar myofascial pain (Tr. 164, 166). Dr. Fuoco also stated that objective testing suggested a right S1 radiculopathy (Tr. 160).[4] Consequently, Dr. Fuoco restricted the plaintiff from working, and instructed him to refrain from bending, stooping, kneeling, squatting, or lifting over fifteen pounds (Tr. 164, 167).[5]

---

[4]Although these diagnoses were made early in the onset period, Dr. Michael D. Solomon, a pain management treating physician, noted in November 2006, that there is "evidence of sacroiliac dysfunction" (Tr. 253). Further, Dr. Linder opined that Dr. Solomon's findings of an absent right Achilles reflex suggest that Dr. Solomon believes the radiculopathy continues (Tr. 351-52).

[5]It is noted that Dr. Fuoco assigned those limitations immediately prior to, and at the beginning, of the disability onset period (Tr. 164, 167). The record does not indicate that those restrictions were long-standing. To the contrary, Dr. Fuoco stated in July 2003 that he was "defer[ring] the assignment of ... permanent restrictions to Dr. Sharf, his treating surgeon" (Tr. 245).

As the Commissioner acknowledges, the law judge did not discuss Dr. Fuoco's treatment records or findings (Doc. 14, p. 8). It was error for the law judge to fail to evaluate the evidence from Dr. Fuoco. Schnorr v. Bowen, supra, 816 F.2d at 581. Thus, because the law judge did not evaluate this evidence, he has failed to show good cause for discounting Dr. Fuoco's opinions, which, if accepted, may have resulted in a more restricted residual functional capacity. Id. This failure warrants reversal.

Although the Commissioner's memorandum offers reasons for discounting this evidence that were not articulated by the law judge (Doc. 14, pp. 4-6), this type of post-hoc rationalization by litigating counsel does not provide the proper basis for judicial review. Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983). In fact, because the law judge did not even mention Dr. Fuoco in his summary of the evidence, it cannot be discerned whether the law judge rejected Dr. Fuoco's findings, or merely overlooked them.

B. The plaintiff, moreover, demonstrates another deficiency in the law judge's decision. The plaintiff challenges the law judge's

consideration of the plaintiff's subjective complaints, and, in particular, the side effects of medication (Doc. 13, pp. 15-16).

The plaintiff testified at the second administrative hearing that he takes Vicodin for pain, which makes him feel sleepy and causes dizziness and blurred vision (Tr. 357). The plaintiff takes Vicodin three times daily, and he increases the dosage when he experiences more pain (id.). The plaintiff similarly testified to these side effects at the first administrative hearing (Tr. 325, 330) and identified such side effects on disability forms (Tr. 85, 103).

"[I]t is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability." McDevitt v. Commissioner of Social Security, 241 Fed. Appx. 615, 619 (11th Cir. 2007)(unpub. dec). Consequently, the law judge "has a duty to investigate the possible side effects of medications taken by a claimant." Id. Moreover, the Social Security Regulations direct that the law judge consider the side effects of medication. 20 C.F.R. 404.1529(c)(3)(iv).

Although the law judge quoted the regulation that directed him to consider the side effects of medication (Tr. 16), he failed to do that. Thus, there was no mention in the decision of the plaintiff's allegations that his

medication makes him feel sleepy, or that it causes dizziness or blurred vision. Further, if accepted, these side effects could affect his ability to perform prior work. Therefore, the failure to assess these allegations constitutes reversible error. McDevitt v. Commissioner of Social Security, supra.

The Commissioner does not dispute that the law judge failed to address these alleged medication side effects; rather, the Commissioner's memorandum offers reasons for discounting this evidence that were not articulated by the law judge (Doc. 14, p. 14).[6] However, as indicated, this type of post-hoc rationalization by litigating counsel does not provide the proper basis for judicial review. Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., supra, 463 U.S. at 50. Therefore, those contentions cannot correct the inadequacy in the law judge's decision.

C. The plaintiff also argues that the law judge did not give proper consideration to the functional capacity evaluation conducted by

---

[6]Specifically, the Commissioner argues that the plaintiff's preference for medication therapy and the absence of "significant complaints of [medication] side effects" show that the plaintiff's testimony is not credible (Doc. 14, p. 14). It is the province of the law judge to determine whether these allegations are credible and, if they are not, to articulate his reasons for that finding.

physical therapist J. Paul Melton (Doc. 13, p. 11). The plaintiff was referred to Melton by an attorney (see Tr. 203). Melton opined that the plaintiff could perform a limited range of sedentary work (Tr. 203-04).

The law judge stated that he "has given relatively little weight to the functional capacity evaluation by Mr. [Melton], which was bought and paid for by the claimant" (Tr. 17).[7] However, an examiner's findings are not entitled to less weight because the examination is procured by the claimant. Lester v. Chater, 81 F.3d 821, 832 (9th Cir.1995). Further, discounting an examiner's opinion on this basis suggests a failure to evaluate impartially this evidence on its merits. Cf. Miles v. Chater, 84 F.3d 1397 (11th Cir. 1996); Lester v. Chater, supra, 81 F.3d at 832 ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits.").

It is uncertain whether this circumstance, standing alone, would warrant a remand of this matter. However, it is troublesome, and, upon

---

[7]Based on the law judge's determination that the plaintiff could perform the full range of light work, it is hard to conceive that he gave any weight to Melton's evaluation. It is noted that the law judge erroneously identified Hal J. Heitler, the plaintiff's vocational expert, as conducting the functional capacity evaluation (Tr. 17).

remand, a better explanation is appropriate if the law judge discounts this evidence.

The plaintiff has also alleged several other errors in the law judge's decision. Since this matter is being remanded, there is no need to address the other arguments and determine whether they demonstrate reversible error.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 9th day of March, 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE