UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH IMSEIS,

    Plaintiff,

v.                                          CASE No. 8:08-CV-172-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Unopposed Amended Motion for Award of Attorney's Fees (Doc. 21) filed by counsel for the plaintiff on June 10, 2009. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $3,469.96 in fees and $385.76 in costs to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of his Social Security disability benefits. This matter was reversed and remanded to the Social Security Administration by order of this

court dated March 9, 2009 (Doc. 15). Judgment was therefore entered in favor of the plaintiff (Doc. 16). The plaintiff then filed this application for attorney's fees under the EAJA (Doc. 21).

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $3,469.96, representing 19.9 hours of service before the court at the "reduced rate" of $165.00 in 2008, and 1.1 hours of service at the "reduced rate" of $169.51 in 2009 by attorney Enrique Escarraz, III (Doc. 21, p. 1). The plaintiff states that the defendant has no objection to this request (id., p. 2). Moreover, the defendant has not responded despite adequate time to do so.

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, no special circumstance exists which would make an award of attorney's fees unjust. Accordingly, the award of attorney's fees and costs to the plaintiff in this case is appropriate under the EAJA.

The claim of 21.0 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate from the statutory amount of $125.00 per hour to $165.00 per hour for work performed in 2008, and to $169.51 per hour for work performed in 2009 (Doc. 22, p. 4). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per hour has, as of 2007, become a base of at

least $165.00 per hour. Frankly, if that rate were subject to scrutiny following an objection, it would probably be found to be unreasonably high.

As I have already done in other cases making a similar requests, I will apply a rate of $165.00 per hour for work done in 2008. The work performed in 2009 will be awarded at the requested rate of $169.51, which is approximately five dollars less per hour than is presently awarded for the defense of capital cases. Accordingly, the 19.9 hours of work performed in 2008 will be awarded at a rate of $165.00, and the 1.1 hours of work in 2009 will be calculated at a rate of $169.51, for a total of $3,469.96.

The plaintiff also seeks reimbursement for costs of $385.75. Again, the Commissioner has not objected to those costs.

Finally, it is requested that the attorney's fees and costs be paid directly to plaintiff's counsel (Doc. 21, p. 1). In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a Social Security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff agreed that the EAJA award be made to his counsel (Doc. 22, pp. 5-6). Furthermore, the defendant has not raised any opposition to an award of attorney's fees under the EAJA directly to counsel in this circumstance. Therefore, by virtue of the fee assignment and the

defendant's lack of opposition, the award of attorney's fees and costs is payable to plaintiff's counsel in this case.

For the foregoing reasons, the Plaintiff's Unopposed Motion for Award of Attorney's Fees (Doc. 21) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of **$3,469.96** in attorney's fees and **$385.76** in costs to be paid to the plaintiff's counsel by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 30th day of September, 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE